UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OCTAVIUS CLAY,

    Petitioner,

        v.                                    CAUSE NO. 3:22-CV-898-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Octavius Clay, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-4-172) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of one hundred days earned credit time and a demotion in credit class.

Clay argues that he is entitled to habeas relief because the administrative record contains inconsistent statements from two correctional officers.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a sergeant represents that, on April 8, 2020, Officer Harrell saw Clay use a cellphone and place it between his bed and the wall. ECF 7-1. According to the conduct report, Officer Harrell and Officer Watts searched Clay's cell and found the cellphone and a charger. *Id.* In separate statements, Officer Harrell represented that she saw Clay use a cellphone and place it between his bed and the wall, and Officer Watts represented that he assisted Officer Harrell with the search and found a cellphone and charger. ECF 7-2. The administrative record also includes a photograph of the confiscated property. ECF 7-3. The conduct report, witness statements, and the photograph constitute some evidence that Clay committed possessed a cellphone.

The statements of Officer Harrell and Officer Watts did not contradict each other but instead related to different events – the initial discovery of the cellphone and the subsequent search of the cell and recovery of the cellphone. Even if they were inconsistent, the mere presence of conflicting evidence does not amount to a constitutional violation. Therefore, the argument regarding inconsistent evidence is not a basis for habeas relief.

Clay argues that he is entitled to habeas relief because he was not allowed to review or present video recording evidence. He maintains that the hearing officer

2

reviewed a video recording of his cell from April 23, 2020, but that his disciplinary charge concerned events that occurred on April 8, 2020. He further maintains that the hearing officer lied about not being able to view the search due to the particular angle of the surveillance camera but that he could not prove it without the ability to review the recording. The Warden responds that the hearing officer reviewed the relevant video recording and that allowing Clay to view the recording would pose a threat to the safety and security of the facility.

"[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Prison officials may also prevent an inmate from reviewing material, exculpatory evidence if its disclosure would present a risk to the security of the facility and the safety of those within it. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003); *Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981).

The administrative record includes a video recording summary, which states, "[The hearing officer] reviewed the DVR of Offender Clay, Octavius #171316 in case MCF-20-04-0172 for possession of a cell phone on 4-23-2020." ECF 7-9. To Clay's point, this statement, by itself, is ambiguous as to whether "4-23-2020" refers to the date on which the recording was captured or to the date on which the hearing officer reviewed

3

the recording. But the video recording summary contains additional context to clarify this ambiguity; the hearing officer marked the date of incident as April 8 and the date of review as April 23. The administrative record thus indicates that the hearing officer reviewed the relevant video recording. The video recording summary also indicated that Clay would not be allowed to see the video recording to prevent him from learning the capabilities of the surveillance camera and from evading detection for future offenses. Given these security concerns, correctional staff did not err by preventing Clay from reviewing the video recording even assuming its exculpatory nature.[1] Therefore, these claims are not a basis for habeas relief.

Clay argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer was involved in investigating the disciplinary charge as demonstrated by a postponement form and the video recording summary. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.*

There is no indication that the hearing officer was involved in the underlying incident. Further, while the postponement form indicates that the hearing was

---

[1] The Warden has produced the video recording in this habeas review. ECF 11. While the court is unable to fully verify the authenticity of the recording, it appears that the hearing officer's statement that the incident could not be seen on the video recording is true. In the recording, the surveillance camera does not face anything resembling a prison cell and does not capture any events resembling a cell search or the confiscation of a cellphone.

4

continued due to the need for further investigation, the postponement form was completed by the screening officer rather than the hearing officer. ECF 7-7 at 1. The hearing officer reviewed the evidence, but review of the evidence in an adjudicatory capacity is not an investigation. Moreover, as detailed above, Clay's contentions that the hearing officer reviewed the wrong recording and misrepresented what it depicted are unsupported by the record. As a result, the claim of improper bias is not a basis for habeas relief.

If Clay wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Octavius Clay leave to appeal in forma pauperis.

SO ORDERED on March 15, 2023

                                                  s/ Michael G. Gotsch, Sr.
                                                  Michael G. Gotsch, Sr.
                                                  United States Magistrate Judge